No. 23-3566

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 9, 2023
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff-Appellee, | ) |
| v. | )    O R D E R |
| MATTHEW BORGES, | ) |
|     Defendant-Appellant. | ) |

Before:  KETHLEDGE, STRANCH, and MATHIS, Circuit Judges.

Defendant Matthew Borges appeals the district court's judgment after a jury convicted him of Racketeer Influenced and Corrupt Organizations (RICO) conspiracy. Borges moves for release pending appeal. The government opposes release, and Borges replies.

Under 18 U.S.C. § 3143(b), a person found guilty of an offense and sentenced to a term of imprisonment cannot be released pending appeal unless a judicial officer concludes: (1) "by clear and convincing evidence," that he "is not likely to flee or pose a danger to the safety of any other person or the community," and (2) that his "appeal is not for delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not result in imprisonment," or a lesser sentence sufficient to result in his release before the conclusion of his appeal. This statute "creates a presumption against release pending appeal." *United States v.*

*Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). And the burden rests on the person seeking release. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

The district court made no explicit finding as to whether Borges poses a risk of flight or a danger to the community. Borges argues that he does not, and the government does not assert otherwise. Further, the probation office concluded that Borges did not appear to present a danger to the community or a flight risk and recommended that he self-surrender to the Bureau of Prisons. Accordingly, the only question is whether he raises a substantial question of law or fact on appeal. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way," which "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (cleaned up).

Borges argues that the key issue in his appeal is instructional error related to honest services wire fraud and the Travel Act. We "review[] challenges to jury instructions for abuse of discretion." *United States v. Russell*, 595 F.3d 633, 642 (6th Cir. 2010). "When jury instructions are claimed to be erroneous, [we review] the instructions as a whole, in order to determine whether they adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision." *Id.* (cleaned up). "A judgment may be reversed based upon an improper jury instruction 'only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial.'" *Id.* (quoting *United States v. Kuehne*, 547 F.3d 667, 669 (6th Cir. 2008)). Having considered Borges' arguments, the applicable authority, and recent Supreme Court jurisprudence against this deferential standard of review, we cannot conclude on our preliminary review of the record that these arguments raise a substantial question.

Borges's final argument goes not to the correctness of the district court's jury instructions, but to the sufficiency of the evidence that the person he bribed was an employee of the House Bill 6 ballot campaign. "The standard of review for a sufficiency of the evidence challenge is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Craft*, 495 F.3d 259, 263 (6th Cir. 2007) (quoting *United States v. Davis*, 473 F.3d 680, 681 (6th Cir. 2007)). Given this deferential standard of review, the testimony and evidence presented at trial, and Borges's failure to raise this issue in any post-trial motion, we are not convinced that this presents a substantial question of fact. *See United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000) (per curiam) ("When release is sought before the appeal has been briefed and argued, the district court, having greater familiarity with the record, is normally in a far better position than the court of appeals to make such determinations in the first instance.").

Accordingly, the motion for release pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk